[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT DISCENZA CONSTRUCTION, INC. MOTION TO STRIKE
Plaintiff, Richard Schweitzer, in his one count complaint, seeks recovery for damages allegedly sustained when he slipped and fell on ice and snow on January 30, 1987 while walking in a parking lot in West Hartford, Connecticut.
The first named defendant, Andover Limited Partnership (hereinafter "Andover"), is the alleged owner of the premises upon which plaintiff allegedly fell. The second named defendant, Discenza Construction, Inc. (hereinafter Discenza), is alleged to have been the contractor responsible for snow removal and sanding or the subject premises.
The motion to strike tests the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142 (1989). The motion admits all facts well pleaded as well as those necessarily implied from the allegations in the complaint. Id.; and see Amodio v. Cunningham, 182 Conn. 80, 83 (1980). The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them and if facts provable under the allegations support a cause of action, the motion to strike must fail. Ferryman, supra, 142.
The defendant Discenza's motion to strike admits all facts pleaded including, inter alia, the allegations that said defendant caused the defective condition to exist and that it failed to properly clean the parking lot. Where an owner of premises employs an independent contractor to perform work on the premises, the contractor, and not the owner, is liable for any losses resulting from negligence in the performance of the work. Darling v. Burrone Bros., Inc., 162 Conn. 187, 196
(1972).
The motion to strike is denied.
William L. Hadden, Jr., Judge.